■ In the Matter of STEPHEN M. and Others, Children Alleged to be Neglected. OTSEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; FRANCIS M., Appellant. — Appeal from an order of the Family Court of Otsego County, entered June 11, 1980, which found respondent guilty of contempt for violation of a support order. Three of respondent's seven children were temporarily placed in foster homes with people who were reimbursed by the Otsego County Department of Social Services for their care. While respondent partially reimbursed the department, he ceased making payments in August, 1979 with a balance due the department of $11,655. On January 10, 1980, he was ordered to pay $15 per week through payroll deductions and to keep the department informed of his employment status. Thereafter, respondent changed jobs and failed to make payments or inform the department of his new employment status. The instant proceeding was commenced which sought sanctions against respondent pursuant to section 454 of the Family Court Act. On May 9, 1980, respondent filed a petition in United States Bankruptcy Court seeking a discharge of the arrearages owed to the department. A stay of all proceedings against respondent was issued on May 22, 1980. After a hearing, Family Court ruled that respondent's bankruptcy petition did not stay the contempt proceedings against him. Subsequently, the County Attorney, at the request of the Family Court, issued a letter to the effect that the instant debt was dischargeable in bankruptcy. The Family Court found respondent guilty of willful violations of the court's order of January 10, 1980 and ordered him committed to the Otsego County Correction Facility for a term of three months to be served on weekends. This appeal ensued. Generally, a bankruptcy petition operates as a stay of most civil litigation against the debtor (US Code, tit 11, § 362, subd [a]). There are, however, certain exceptions. Consequently, a resolution of the present litigation narrows to whether a support obligation owed to a third-party governmental agency is such an exception. We think not. While suits to collect alimony, maintenance or support from a debtor are excepted from the stay (US Code, tit 11, § 362, subd [b]), it does not, in our view, include the instant type of debt (see US Code, tit 11, § 523, subd [a], par [5], cl [A]). A bankruptcy petition does not stay the enforcement of a judgment by a governmental unit, other than purely a money judgment, against a debtor (US Code, tit 11, § 362, subd [b], par 5). But the present case is principally to collect a debt owed by respondent to the department and, consequently, is one dischargeable in bankruptcy. The proceedings in Family Court, therefore, should have been stayed (see *Guariglia v Community Nat. Bank & Trust Co.,* 382 F Supp 758, affd 516 F2d 896; US Code, tit 11, § 362, subds [a], [b]). The fact that respondent failed to comply with the order's instruction that he advise the department of any change of employment does not, in our opinion, constitute conduct against the dignity of the court. The order, therefore, should be reversed. Order reversed, on the law, without costs, and matter remitted to the Otsego County Family Court for further proceedings not inconsistent herewith. Sweeney, J.P., Kane and Mikoll, JJ., concur.

Main and Herlihy, JJ., concur in part and dissent in part in the following memorandum by Main, J. Main, J. (concurring in part and dissenting in part). We concur in the majority's holding that the proceedings in Family Court should have been stayed and for the reasons stated. However, we do not agree that the failure of respondent to advise the department of any change in his employment status did not constitute conduct against the dignity of the court. The court's order was justified in the light of respondent's poor past performance and, despite clear direction, he not only failed to comply but studiously ignored all of the department's attempts to communicate with him. Under the circumstances presented here he was not relieved of this obligation by filing the bankruptcy petition. The order should be modified by reversing so much thereof as denied the stay and the matter remitted to the Family Court for the imposition of whatever sanction, if any, may be deemed appropriate for his willful noncompliance with the court's direction to reveal any change in his employment status (Family Ct Act, § 454).